# BALTIMORE CITY COURT

Filed February 5, 1891.

THOMAS JOYNES
VS.
THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA.

*Everett J. Waring* for plaintiff.
*Charles W. Field* for defendant.

HARLAN, J.—

The facts out of which the controversy arose in this case were as follows:

On November 6th, 1884, the plaintiff, Thomas Joynes, who is a colored man, applied in writing upon an application blank furnished by an agent of the defendant corporation, an insurance company, doing business in this State, for a policy of $285 upon his own life, the application stating that the premium to be paid by the applicant for this amount of insurance was 25 cents per week during life. On this application a policy was issued to him on November 17, 1884, by which the company became bound in consideration of the payment by the said Joynes of the weekly premium of 25 cents to pay to the beneficiary named therein the sum of $285 on the termination of the life insured. The policy also contained a provision that in event of a failure on his part for four weeks to pay any weekly premium, the policy and all sums paid on account thereof, should be forefited to the company. If the life to be insured had been that of a white man of like age, a policy would have been issued upon application therefor, in the sum of $420 upon payment of the same weekly premium. The reason assigned by the company for not giving the same rates upon white and colored risks is the alleged greater mortality of the colored race, and it appears from the official records of the Baltimore City Health Office that from 1879-1889, a period of ten years, the death rate for colored persons was 31 per annum per 1,000 of population as against 18 per 1,000 for white persons.

Joynes, at the time of taking out his policy and signing his application, asked no questions as to the amount of insurance that the same premium would secure for a man of the white race, was ignorant that any distinction or discrimination was made between white and colored risks, and supposed that he was getting the same amount of insurance that the same premium would secure for any other policyholder of the same age. He asked no questions, however, on this subject, and the defendant's agent made no statement to him thereon.

In September, 1890, Joynes, having previously paid $75 in weekly premiums during six years, discovered that the insurance company made the discrimination in risks above referred to, and that he was paying 50 per cent. more premium than a white man insured at his age would pay for a like amount of insurance. He thereupon ceased paying his premiums, and having demanded back all he had paid in to the company, and his demand being refused, he entered suit before G. Evett Reardon, Esq., a Justice of the Peace, to recover the same. The suit resulted in a judgment for the defendant, and plaintiff has appealed to this Court. There is no dispute about the facts. Indeed, they are agreed to by counsel on both sides. It has been contended, however, on behalf of the plaintiff, that the failure of the agent of the defendant to acquaint plaintiff with this discrimination in its risks was such a concealment of a material fact within defendant's knowledge as gave to the insured the right to avoid the contract and recover back the premiums paid.

But I am of opinion that this contention cannot be maintained.

The mere circumstance that a party would not have made a certain contract if he had known some fact of which he was ignorant, can give him no right to avoid the contract unless the other contracting party was under some legal obligation to acquaint him therewith. I am unable to see on what principle it was incumbent upon their company to disclose to the plaintiff, without inquiry, that the company would make a different contract with others of the same age, but of a different race, whom it considered in a different category as to risk.

It is not pretended that the knowledge of this fact would have enabled the plaintiff to have secured from the company a more beneficial contract for himself.

The judgment below is affirmed, with costs.